# LAW OFFICE OF KENNETH J. MONTGOMERY P.L.L.C.
# 198 ROGERS AVENUE
# BROOKLYN, NEW YORK 11225
# PH (718) 403-9261 FAX (347) 402-7103
## ken@kjmontgomerylaw.com

M<small>AY</small> 20, 2020

**BY ECF**
The Honorable Alvin K. Hellerstein (AKH)
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

> Motion denied. My sentence took defendant's time and conditions of custody in Colombia, and that BOP probably would not give credit for such custody, into account. The transcript of sentencing should so reflect.
>
> /s/ Alvin K. Hellerstein
> 5/21/2020

Re:   *United States v. Marino Amaya Duque*, 17 Cr. 378 (AKH)

Dear Judge Hellerstein:

     I ask the Court to recommend, in the Judgment and Commitment order, that Mr. Duque receive credit for the time spent in Columbian custody awaiting extradition to the United States on these charges, pursuant to 18 U.S.C. §3585(b). (Mr. Duque's custody began on May 29, 2018, but he was not arrested by United States authorities until his arrival in the United States, on December 18, 2019.)

     The determination of whether a defendant receives credit against his sentence is left to the Bureau of Prisons. *United States v. Montez-Gavira,* 163 F.3d 697, 700-01 (2d Cir. 1998). A district court cannot itself apply section 3585(b) when sentencing, because computing "the credit must occur after the defendant begins his sentence." *United States v. Wilson,* 503 U.S. 329, 333 (1992); *Werber v. United States,* 149 F.3d 172, 179 (2d Cir.1998) ("After a defendant is sentenced, it falls to the BOP, not the district judge, to determine ... whether the defendant should receive credit for time spent in custody before the sentence commenced.")(citations and internal quotation marks and punctuation omitted).

     Accordingly, I ask the Court to recommend that Mr. Lora receive credit, by indicating in the Imprisonment section of the Judgment as follows:

> **It is recommended that the defendant receive credit for the time served in Columbia while awaiting extradition, i.e., the period between May 29, 2018 and December 18, 2019, as that period constitutes time spent in official detention as a result of the offense for which the sentence was imposed that has not been credited against another sentence. The Court requests that it be notified if this recommendation is not followed by the Bureau or Prisons.**

I thank the Court for its consideration and attention.

Respectfully,

*Kenneth J. Montgomery*

s/

Kenneth J. Montgomery