```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
                                                               :
UNITED STATES OF AMERICA,                                      :
                                                               :    ORDER DENYING MOTION
              -against-                                        :    FOR COMPASSIONATE
                                                               :    RELEASE
MARINO AMAYA DUQUE,                                            :
                                                               :    17 Cr. 378 (AKH)
                              Defendant.                       :
                                                               :
-------------------------------------------------------------- X
```

ALVIN K. HELLERSTEIN, U.S.D.J.:

        Defendant Marino Duque moves for compassionate release in light of the COVID-19 pandemic and the Section 3553(a) factors. Duque is currently serving a 36-month sentence for conspiracy to manufacture and distribute heroin with intent to import the substance into the United States. Because Duque has not exhausted his administrative remedies, his motion is denied.

        A court cannot consider a motion for compassionate release unless the defendant shows that he has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf," or that 30 days have lapsed since the defendant's application to the warden for compassionate release. 18 U.S.C. § 3582(c)(1)(A); *see also United States v. Haney*, No. 19-cr-541 (JSR), 2020 WL 1821988, at *3 (S.D.N.Y. Apr. 13, 2020). Courts may not create exceptions to statutory exhaustion requirements. *See, e.g., United States v. Battle*, 05 Cr. 377, 2020 WL 2306482, at *1 (S.D.N.Y. May 8, 2020) (collecting cases); *see also United States v. Roberts*, 2020 WL 1700032, at *1 (S.D.N.Y. Apr. 8, 2020) ("statutory exhaustion requirements, such as those set forth in Section 3582(c), must be strictly enforced"); *United States v. Rabadi*, No. 13 Cr. 353 (KMK), 2020 WL 1862640, at *2-*3 (S.D.N.Y. Apr. 14,

2020); *United States v. Raia,* 954 F.3d 594 (3d Cir. 2020) (non-exhaustion of administrative remedies was a "glaring roadblock foreclosing compassionate release").

Defendant Duque made a request to the BOP for compassionate release on December 23, 2020. This request was denied on December 31, 2020. Duque has not appealed this denial. Duque alleges that this court should waive the exhaustion requirement, as he would be unduly prejudiced in having to appeal the decision. Def. Mot. 6. However, "section 3582(c)'s exhaustion proscription is clear as day." *United States v. Ogarro*, 18 Cr. 373, 2020 WL 1876300, at *3 (S.D.N.Y. Apr. 14, 2020). The statute "mandates that where BOP has not submitted an application for a sentence reduction, a court cannot, under any circumstances, grant compassionate release unless the defendant has either 'fully exhausted all administrative rights to appeal' or waited at least 30 days from the receipt of such a request by the warden of the defendant's facility.'" *Id.* (quoting 18 U.S.C. § 3582(c)(1)(A)). It is "not this Court's place to second guess Congress's policy determination," and waive exhaustion. *Ogarro*, 2020 WL 1876300 at *5; *see also United States v. Rabadi*, 13 Cr. 353, 2020 1862640, at *1-2 (S.D.N.Y. Apr. 14, 2020) (courts "are not free to rewrite the statutory text when Congress has barred complaints" pending exhaustion). Duque must exhaust his administrative remedies and appeal to the appropriate BOP administrative channels before renewing his Motion. *See* 28 C.F.R. §§ 571.63(a), 542.15(a). If the BOP takes no action within 30 days after receiving Borrero's request, or if his appeals fail, he may then renew his motion for compassionate release before me. *Battle*, 2020 WL 2306482, at *2.

Duque's motion for compassionate release is hereby denied as premature. The Clerk shall terminate the open motion, ECF No. 61.

SO ORDERED.

Dated:  February 17, 2021          /s/
        New York, New York         ALVIN K. HELLERSTEIN
                                   United States District Judge