UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
                                                              :
UNITED STATES OF AMERICA,                                     :
                                                              :   **ORDER DENYING MOTION**
        -against-                                             :   **FOR COMPASSIONATE**
                                                              :   **RELEASE**
MARINO AMAYA DUQUE,                                           :
                                                              :   17 Cr. 378 (AKH)
                               Defendant.                     :
                                                              :
------------------------------------------------------------- X

ALVIN K. HELLERSTEIN, U.S.D.J.:

       On January 19, 2021, Defendant Marino Amaya Duque ("Duque") moved for compassionate release in light of the COVID-19 pandemic and the Section 3553(a) factors. (ECF No. 61). On February 17, 2021, I denied the motion as premature because he had failed to exhaust his administrative remedies (ECF No. 62). Having exhausted his remedies, Defendant again moves for compassionate release on the same grounds. (ECF No. 63). Although the motion is now ripe for consideration, for reasons provided below, the motion is denied.

       Duque pleaded guilty to one count of conspiring to manufacture and distribute heroin with intent to import the substance into the United States. *See* ECF No. 49. The guidelines sentencing range was 70 to 87 months imprisonment, followed by 2 to 5 years supervised release. At sentencing, I found that the nature of the charged crime was serious. Duque packaged at least three kilograms of heroin into small bundles, so that a body courier could ingest and transport them for sale in the United States. *See* ECF No. 50, at 12; *see also* ECF No. 45, at 3–4. However, I took into account Duque's family responsibilities and ties, noting that he had a very difficult life, and that he was a responsible family man who had raised his children so as to give them a better life. *See* ECF No. 50, at 12. I further noted that he had already served 19 months in a very harsh prison. Accordingly, I found a variance warranted, and

so sentenced Duque to 36 months imprisonment, which he is currently serving. *See* ECF Nos. 49, 50. Although Duque's "out-date" is currently July 9, 2022, he moves for compassionate release, arguing that COVID-19 puts him at great risk of mortality, and that it has already caused him to suffer great bodily harm.

"Federal courts are forbidden, as a general matter, to 'modify a term of imprisonment once it has been imposed,' 18 U.S.C. § 3582(c); but the rule of finality is subject to a few narrow exceptions." *Freeman v. United States*, 564 U.S. 522, 526 (2011). A court may "reduce the term of imprisonment. . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i); *see also United States v. Ogarro*, No. 18-cr-373-9 (RJS), 2020 WL 1876300, at *2 (S.D.N.Y. Apr. 14, 2020). The defendant bears the burden of showing he is entitled to this relief. *United States v. Ebbers*, 432 F. Supp. 3d 421, 426 (S.D.N.Y. 2020); *United States v. Butler*, 970 F.2d 1017, 1026 (2d Cir. 1992) ("If the defendant seeks decreased punishment, he or she has the burden of showing that the circumstances warrant that decrease."). To meet this burden, a defendant must show that three conditions are satisfied: administrative exhaustion; satisfaction of the § 3553(a) factors; and extraordinary and compelling reasons. *United States v. Keitt*, 21 F.4th 67, 2021 U.S. App. LEXIS 37888, at *11 (2d Cir. 2021). A district court may deny relief when any one of the conditions is lacking. *Id.* at 12. Further, if "a district court denies a defendant's motion under § 3582(c)(1)(A) in sole reliance on the applicable § 3553(a) factors, it need not also determine whether the defendant has shown extraordinary and compelling reasons that might (in other circumstances) justify a sentence reduction." *Id.*

The applicable and relevant § 3553(a) factors do not warrant a different sentence and, in fact, weigh in favor of adhering to the sentence imposed. First, the nature and

2

circumstances of the offense remain unchanged.  Duque knew what he was doing by bundling so many packages containing heroin, and playing a role in the charged conspiracy, he aided in bringing heroin into the United States and making it part of the opioid crisis that continues to devastate the country.  Next, the seriousness of the offense also remains unchanged, as does the need for a sentence to reflect that seriousness.  Moreover, I already found that a variance was warranted and departed downward substantially from the applicable guidelines range of 70 to 87 months, when I sentenced Duque to 36 months.  Further, having already imposed a substantially lower sentence, granting this motion would create and exacerbate an unwarranted sentencing disparity between Duque and other similarly-situated defendants.  While I am mindful that the conditions of custody add to the risks of contracting COVID-19, this alone does not justify reducing Duque's sentence.

In sum, the relevant Section 3553(a) factors militate against a sentence reduction here.  Furthermore, there are no extraordinary and compelling reasons that might justify a reduction.  *Id.* at *11–12 (finding no abuse of discretion where district court denied defendant's motion to reduce his sentence solely in reliance on the applicable Section 3553(a) factors and without addressing every argument the defendant raised).

The motion is denied.  The Clerk of Court shall terminate ECF No. 63.

SO ORDERED.

Dated: January 25, 2022  　　　　/s/ Alvin K. Hellerstein
       New York, New York   ALVIN K. HELLERSTEIN
                            United States District Judge